UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re 22 FISKE PLACE,

NICHOLAS GORDON,

                Appellant,

-against-

IAN J. GAZES,

                Appellee.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/9/2021

1:20-cv-1250 (MKV)

OPINION & ORDER
DISMISSING
BANKRUPTCY APPEAL

MARY KAY VYSKOCIL, United States District Judge:

    Appellant Nicholas Gordon appeals from the ruling of the Bankruptcy Court (Chapman, J.) that Gordon violated the automatic stay imposed by section 362(a) of the Bankruptcy Code. For the reasons set forth below, this appeal is DISMISSED as moot. Because the facts and legal arguments regarding this appeal are adequately presented in the briefs and in the record, Gordon's request for oral argument on the appeal is denied. *See* Fed. R. Bankr. Pro. 8019(b)(3).

## I.    BACKGROUND

    Appellant Nicholas Gordon is the sole member of 22 Fiske Place, LLC ("the Debtor"). In May 2015, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code [Bankr. Dkt. #1]. The Bankruptcy Court appointed Appellee Ian J. Gazes as trustee of the Debtor's estate [Bankr. Dkt. #7]. In June 2016, the Bankruptcy Court confirmed Gazes' Chapter 11 Plan [Bankr. Dkt. #194, Ex. A ("Ch. 11 Plan")].

    Under the confirmed Chapter 11 Plan, the sale of the Debtor's primary asset, a multiunit residential brownstone in Brooklyn, will fund a one hundred percent distribution to holders of allowed claims. Ch. 11 Plan at 7–9. Gordon retains his interest in the Debtor, but does not receive any distributions, and any remaining estate assets vest in the reorganized Debtor. *Id.* at 8,

11. The Chapter 11 Plan also provides that "all injunctions or stays . . . pursuant to section 105 or 362 of the Bankruptcy Code . . . shall remain in full force and effect until all distributions pursuant to the Plan have been made." *Id.* at 12.

In addition to the brownstone, the bankruptcy estate held a disputed interest in "surplus funds" held by the Kings County Clerk. *See id.* at 5. As the Bankruptcy Court explained in a 2018 order, Gordon acquired the brownstone after a 2008 foreclosure sale [Bankr. Dkt. #387 ("2018 Order")]. The sale generated approximately $214,979 in foreclosure surplus funds that were deposited with the Kings County Clerk. 2018 Order at 2. The state court in the underlying foreclosure action appointed a surplus money referee to determine the amount due to any claimants to those funds. *Id.* Karen Smith, the owner of Fiske House Apt. Corp., the prior owner of the brownstone ("Fiske House"), filed a claim to the surplus funds. *Id*. at 2–3.

In 2014, the Debtor commenced a civil action in Kings County, *22 Fiske Place, LLC v. Fisk House Apt. Corp.*, Index No. 506908/2014 (Sup. Ct. Kings County) ("Holdover Action"). Gordon, on behalf of the Debtor, personally verified the facts of a complaint alleging that, after the foreclosure sale, Fiske House continued to occupy almost all of the units of the brownstone for several years without paying rent. 2018 Order at 3. Fiske House failed to respond to the complaint, and the Kings County court entered a default judgment in favor of the Debtor in the amount of $717,271. *Id.* The surplus money referee then determined that the default judgment was a valid lien against the entire $214,979 in surplus funds, and the court in the foreclosure case entered an order confirming the referee's determination. *Id.*

Gazes later sought leave from the Bankruptcy Court, as trustee of the Debtor's estate, to move in the Holdover Action to vacate the default judgment and then to distribute the surplus funds to Fiske House. *Id*. at 1. Gazes argued that Gordon had fabricated the allegations that

Fiske House continued to occupy the brownstone after the foreclosure sale in order to claim the surplus funds. *Id.* at 4. Gazes presented evidence that the allegations were contradicted by Gordon's own "prior sworn statements" and by documents that Karen Smith produced to Gazes. *Id*. Gordon filed an objection to Gazes' motion [Bankr. Dkt. #383], and the Bankruptcy Court held a hearing at which it questioned both Gordon and Smith. *Id*. at 1, 4. The Bankruptcy Court ruled that "the Trustee, in order to discharge his fiduciary duties to the Debtor's estate" seek from the state court both reconsideration of the default judgment and instructions whether the surplus funds belonged to Fiske House. *Id.* at 4.

Pursuant to the Bankruptcy Court's 2018 Order, the Debtor, through Gazes, moved in state court to vacate the default judgment and dismiss the Holdover Action [Bankr. Dkt. #404-3]. In response, Gordon moved to intervene in the Holdover Action for the purpose of opposing the motion to vacate and dismiss [Bankr. Dkt. #404-4]. To explain why he was entitled to intervene, Gordon represented that, at the conclusion of the bankruptcy proceeding, "all remaining monies . . . will be paid to Nicholas Gordon" [Bankr. Dkt. #404-4 at 2]. *Contra* Ch. 11 Plan at 8, 11 (remaining estate assets vest in the reorganized Debtor).

What happened next is at the heart of this appeal. Gazes filed a motion in the Bankruptcy Court to enjoin Gordon from intervening in the state court Holdover Action [Bankr. Dkt. #403 ("Mot. To Enjoin"), 404]. Gazes argued that Gordon had violated both the injunctive and automatic stay provisions of the Chapter 11 Plan and the automatic stay imposed by section 362 of the Bankruptcy Code. *See* Mot. To Enjoin at 10–11. Gordon opposed the motion to enjoin, but his brief did not address the argument that he had violated the automatic stay imposed by section 362 [Bankr. Dkt. #407 ("Opp. to Mot. To Enjoin")]. Rather, he argued only that he did not violate the Chapter 11 Plan and that he had a statutory right, under 11 U.S.C. 1109(b), to be

heard in the state court.  Opp. to Mot. To Enjoin at 2–6.  After a hearing on the motion to enjoin, the Bankruptcy Court ruled that Gordon violated the automatic stay [Bankr. Dkt. #409 ("Automatic Stay Order")].  Specifically, in an Order dated January 28, 2020, the Bankruptcy Court ruled that the "Motion seeking to intervene in the state court Holdover Action violates (i) the automatic stay under 11 U.S.C. § 362(a) and (ii) section 7.6 of the Trustee's confirmed Chapter 11 Plan."  Automatic Stay Order at 2.

Pursuant to the Bankruptcy Court's Automatic Stay Order, Gordon withdrew his motion to intervene in the state court Holdover Action [Bankr. Dkt. 423-2 ("State Court Tr.") at 5:18–19 ("I would be in violation of a court order so I will withdraw the motion")].  However, Gordon still argued on the record at a hearing in the Holdover Action that he "ha[d] the right to appear" to oppose Gazes' motion to vacate the default judgment.  State Court Tr. at 10:21–22.  The judge responded, "I'm letting you withdraw your motion . . . because it is in[] violation of the bankruptcy judge's order to get out of this [case], but I wouldn't have granted it anyway."  *Id*. at 11:11–14.  She ruled that, "putting aside the Bankruptcy Court order[]," Gordon lacked standing to intervene in the Holdover Action.  *Id.* at 10:9–13, 12:5–6; *see also id.* at 9:18–19 ("he doesn't have standing to be here").  The judge also explained that she was "dismissing the case [against Fiske House] as completely groundless."  *Id*. at 11:18–19.  The state court also entered a written order vacating the default judgment in favor of the Debtor, dismissing the Holdover Action with prejudice, and denying the motion to intervene [Bankr. Dkt. #423-1].

Gordon filed a notice of appeal to this Court, seeking reversal of the Bankruptcy Court's ruling that Gordon's motion to intervene in the state court Holdover Action violated the automatic stay imposed by section 362(a) of the Bankruptcy Code and the confirmed Chapter 11 Plan [ECF #1, 8 ("Appellant Mem.")].  He also moved the Bankruptcy Court and this Court to

stay the Bankruptcy Court's Automatic Stay Order during the pendency of this appeal [ECF #6, 12, 13]. The Bankruptcy Court declined to stay its own Order, and Gazes opposed the request before this Court [ECF #6, 7, 12, 13, 14]. After reviewing the record on appeal, the Court denied Gordon's request to stay the Bankruptcy Court's Order [ECF #15].

## II.     STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's findings of fact for clear error and conclusions of law *de novo*. *In re Lozada*, 604 B.R. 427, 432 (S.D.N.Y. 2019). This Court may affirm "on any ground that finds support in the record, and need not limit its review to the bases raised or relied upon in the decisions below." *Ad Hoc Comm. Of Personal Injury Asbestos Claimants v. Dana Corp. (In re Dana Corp.)*, 412 B.R. 53, 56 (S.D.N.Y. 2008).

## III.    DISCUSSION

A. <u>This Appeal Is Moot.</u>

A federal district court has appellate jurisdiction to hear appeals from final bankruptcy court orders. 28 U.S.C. § 158(a)(1). In all matters, however, the Court's authority to exercise jurisdiction is constitutionally limited to actual cases and controversies. *See* U.S. Const., art. III, § 2, cl. 1.; *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'") (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). A federal court must dismiss an appeal as moot when "events occur that would prevent the appellate court from fashioning effective relief." *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993).

This appeal is moot. Gordon appeals the narrow ruling of the Bankruptcy Court that his motion to intervene in the state court violated the automatic stay imposed by section 362(a) of

5

the Bankruptcy Code and the confirmed Chapter 11 Plan.  He argues that he has a statutory right, under section 1109(b) of the Bankruptcy Code, to appear in the state court Holdover Action, and he "seeks to have his day in [that] Court."  Appellant Mem. at 8.  But this Court cannot grant any "effective relief."  *In re Chateaugay Corp.*, 988 F.2d at 325.  Even if the Court were inclined to conclude that Gordon's motion to intervene in the state court Holdover Action did not violate the automatic stay—which the Court is not inclined to conclude—this Court could not grant Gordon an opportunity to appear in the state court action.  The judge in that case ruled that, even "putting aside the Bankruptcy Court order[]," Gordon lacked "standing to be here."  State Court Tr. at 9:18–19, 10:9–13, 12:5–6; *accord id.* 11:11–14.  The state court judge also dismissed the Holdover Action with prejudice.  Nothing this Court can decide about the Bankruptcy Court's Automatic Stay Order can give Gordon the "day in Court" he seeks.

Gordon responds that this appeal is not moot because he has appealed the dismissal of the Holdover Action [ECF #17 ("Appellant Reply") at 13].  Specifically, he argues that, although he "was required to withdraw his motion to intervene . . . in view of the order of the Bankruptcy Court . . . that would not preclude Gordon from seeking renewal and re-argument . . . should he prevail on this appeal" and his appeal of the state court decision to vacate the default judgment and dismiss the Holdover Action.  Appellant Reply at 13–14.  This argument does not help Gordon because it ignores that the state court did not simply grant his withdrawal of the motion to intervene based on the Bankruptcy Court's Automatic Stay Order.  Rather, as explained above, the state court ruled, in the alternative, that Gordon lacked standing to intervene irrespective of the Bankruptcy Court's Order.

This Court also observes that Gordon's argument that section 1109(b) of the Bankruptcy Code gives him a right to appear in the state court Holdover Action is obviously without merit.

The statute he cites plainly governs the right to appear and be heard in federal court bankruptcy cases. 11 U.S.C. § 1109(b) (explaining that a "party in interest . . . may appear and be heard on any issue in a case *under this chapter*") (emphasis added). Gordon appeared and was heard when Gazes raised the issue of the default judgment before the Bankruptcy Court, *see* 2018 Order [Bankr. Dkt. 383], and the state court Holdover Action was not a case "under" the Bankruptcy Code, 11 U.S.C. § 1109(b). However, this Court has "no authority . . . 'to declare principles or rules of law which cannot affect the matter in issue in the case before it,'" *Church of Scientology*, 506 U.S. at 12 (quoting *Mills*, 159 U.S. at 653), and there is nothing the Court could decide in this appeal that would grant Gordon relief from the independent ruling of the state court that he lacked standing to appear in the state court Holdover Action. As such, this appeal as moot.

B. <u>Gordon Waived his Challenge to the Automatic Stay Impose by Section 326(a).</u>

For the sake of completeness, the Court also notes that Gordon waived any argument that he did not violate the automatic stay imposed by section 326(a) of the Bankruptcy Code because he failed to raise that argument before the Bankruptcy Court. It is well established "that an appellate court will not consider an issue raised for the first time on appeal." *Allianz Insurance Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (quoting *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994)); *see Gordon v. Tese-Milner* (*In re Gordon*), 577 B.R. 38, 46 (S.D.N.Y. 2017) ("any arguments not raised in the bankruptcy court are considered waived"). Courts will not ignore this rule where, as here, there is no reason the litigant could not have raised the argument below. *See id.* at 46–47; *In re Lionel Corp.*, 29 F.3d 88, 92 (2d Cir. 1994).

When Gazes filed his motion to enjoin Gordon from intervening in the Holdover Action, Gazes argued that Gordon had violated both the injunctive and automatic stay provisions of the

7

Chapter 11 Plan and the automatic stay imposed by section 326(a).  *See* Mot. To Enjoin at 10–11. In his opposition brief, however, Gordon failed to address the argument that he had violated the automatic stay imposed by section 326(a).  *See* Opp. to Mot. To Enjoin at 2–6.  In its written Automatic Stay Order, the Bankruptcy Court specifically ruled that Gordon "violate[d] (i) the automatic stay under 11 U.S.C. § 362(a) and (ii) section 7.6 of the Trustee's confirmed Chapter 11 Plan."  Automatic Stay Order at 2.  Thus, even if this appeal were not moot, this Court could uphold the decision of the Bankruptcy Court on the ground that Gordon waived any challenge to the ruling that he violated the automatic stay under section 362(a).

### IV.   CONCLUSION

For the reasons set forth above, this appeal is DISMISSED as moot.  The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Date: **March 9, 2021**       **MARY KAY VYSKOCIL**
   **New York, NY**       **United States District Judge**